David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood Avenue, Suite 125
Phoenix, Arizona 85020
Telephone: (602) 252-0809
Facsimile: (602) 256-0432
E-Mail: david.knapper@azbar.org or dlk@knapperlaw.com
Attorney for Landlord

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>MARC SPECTOR and SYRI K. HALL,<br><br>Debtors. | CHAPTER 11<br><br>**OBJECTION TO DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED AND FILED ON JANURY 25, 2013 AT CASE DOCKET #284**<br><br>Case No. 2:08-bk-09026-RTBP<br><br>(Assigned to the Honorable Judge Redfield T. Baum, Sr. through January 31, 2013; thereafter, assigned to the Honorable Judge Sarah Sharer Curley)<br><br>(Continued Hearings on Plan Confirmation & U.S. Trustee's Motion to Convert Chapter 11 Case to Chapter 7 Scheduled for Monday, February 25, 2013 at 10:00 a.m.) |

Commercial landlord, AMERICAPITAL, LLC, COLT COMMUNICATIONS, LLC MONEY PURCHASE PENSION PLAN, and MISSION PIER, LLC (collectively "Landlord"), objects to the above-referenced Second Amended Plan ("Plan"), for, among possibly other reasons:

1. The Plan ignores Landlord's administrative claim for delinquent rent. The "bankruptcy proof" remedies granted to Landlord by Lift Stay Orders previously entered in this Chapter 11 do not bar Landlord from asserting such an administrative claim – those Orders merely confirm that if Landlord is not paid the rent it was promised, Landlord need

not secure any further Orders from this Court prior to terminating the subject lease and implementing a physical ouster;

    2.    Because of this delinquent rent, which presently totals the cumulative principal amount of approximately $30,000.00, Landlord intends to initiate a forcible detainer action in early February, 2013 in the Mohave County, Arizona Superior Court, whereby Landlord shall request its lease be adjudged terminated and Landlord entitled to take exclusive physical possession of the leasehold, which is where a bar and restaurant is operated;

    3.    Funding the Plan is dependent upon DIP financing – with the DIP financier insisting the assets of the aforementioned bar and restaurant be pledged in its favor to secure repayment of its loan; however, Landlord is unwilling to subordinate its first-in-priority Arizona statutory landlord's lien against these same assets; so if Debtors are going to obtain Plan financing, their DIP financier must be willing to subordinate its lien to that of Landlord. Yet, at this juncture, we have no idea of knowing if the DIP financier is willing to accept a junior lien position;

    4.    Ignoring for the time being Landlord's aforementioned administrative claim, the possible loan mentioned by Debtor falls $2,886.00 short of that required by Debtors to fully pay-off all the creditors they are proposing to pay.

    RESPECTFULLY SUBMITTED this 28th day of January, 2013, by

                                           **LAW OFFICES OF DAVID L. KNAPPER**

                                           /s/ David L. Knapper, SB No. 010328
                                           David L. Knapper, Attorney for Landlord

. . . .

. . . .

. . . .

– 2 –

SUBMITTED this
28th day of January, 2013, to

The Honorable Judge Redfield T. Baum, Sr.
United States Bankruptcy Court
District of Arizona
230 North First Avenue
Phoenix, AZ  85003

COPIES of the foregoing
mailed this 28th day of January, 2013, to:

Larry L. Watson, Esq.
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue
Suite 204
Phoenix, AZ  85003

Pernell W. McGuire, Esq.
James M. McGuire, Esq.
Charles Bradley Sellers, Esq.
DAVIS MILES & McGUIRE GARDNER
80 East Rio Salado Parkway, Suite 401
Tempe, Arizona 85281-0001
Attorneys for Debtors

Michael J. Gordon, Esq.
GORDON & GORDON, PLLC
850 Cove Parkway, Suite A
Cottonwood, Arizona 86326
Attorney for Debtors

/s/  David L. Knapper

— 3 —